# In the United States Court of Federal Claims

No. 26-347
Filed: March 3, 2026

|  |
|---|
| GEORGE ANDREW BENAVIDES, <br><br>      *Plaintiff*, <br><br> v. <br><br> THE UNITED STATES, <br><br>      *Defendant*. |

## MEMORANDUM OPINION AND ORDER

George Andrew Benavides ("Mr. Benavides"), a disabled veteran, brings this action pro se against the United States seeking $65,000,000.00 in damages for wide-ranging claims. (Compl., ECF No. 1). At the heart of his Complaint is an assertion that the United States violated Mr. Benavides's bodily integrity and due process rights through nonconsensual medical experimentation, involuntary psychiatric confinement, and a pattern of "over-vaccination" and "DNA contamination." (*Id.* at 2). Beyond these personal injuries, Mr. Benavides alleges that the government's conduct constituted a breach of his military enlistment contract and resulted in significant economic harm, including the obstruction of his literary royalties and loss of professional earning capacity. (*Id.* at 3). Because the Court finds that Mr. Benavides has neither established jurisdiction nor stated a redressable claim, his Complaint is **DISMISSED**.

The Court has an "independent obligation" to ensure subject-matter jurisdiction exists. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The Tucker Act is the principal statute governing this Court's jurisdiction. 28 U.S.C. § 1491. The Tucker Act grants this Court jurisdiction over claims: (1) founded on an express or implied contract with the United States; (2) seeking refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the government. 28 U.S.C. § 1491(a)(1); *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Importantly, the Tucker Act does not create a substantive right enforceable against the United States. *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)). To come within the Court's jurisdictional reach, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher*, 402 F.3d at 1172. Although a pro se plaintiff's pleadings are generally held to "less stringent standards" than those of a lawyer, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), leniency cannot be extended to relieve a pro se plaintiff of their jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

In addition to detailing his claims, Mr. Benavides helpfully condenses his causes of action:

IX.    CAUSES OF ACTION

Count I – Takings of Private Property (Fifth Amendment)

27. Defendant deprived Plaintiff of liberty, bodily integrity, and mental autonomy without just compensation, in violation of the Fifth Amendment.

Count II – Breach of Contract

28. Plaintiff entered an implied-in-fact contract with the United States upon enlistment.

29. Defendant breached the contract by failing to protect Plaintiff's bodily integrity, subjecting him to unauthorized medical treatment, and interfering with his published works and royalites.

Count III - Due Process/False Imprisonment

30. Plaintiff was confined without notice or hearing, in violation of the Fifth Amendment.

Count IV – Retaliation

31. Plaintiff and his family were subjected to intimidation and coercion for attempting to report misconduct.

Count V – Interference with intellectual Property and Commercial Rights

32. Defendants' obstruction of Plaintiffs books and withheld royalties violated federal copyright and commercial laws, causing financial and reputational harm.

Count VI – Loss of Live hood

33. Defendants' actions caused Plaintiff to lose employment and future earning capacity.

(Compl. at 3). The Court lacks jurisdiction over the bulk of these claims. As it relates to Count III, it is well-settled that the Due Process Clause does not mandate the payment of money within the meaning of the Tucker Act. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding the Due Process clauses of the Fifth and Fourteenth Amendments were insufficient for jurisdiction "because they do not mandate payment of money by the government"); *May v. United States*, 534 F. App'x 930, 933 (Fed. Cir. 2013). A "money-mandating" claim "exists if the statute, regulation, or constitutional provision that is the basis for the complaint 'can fairly be interpreted as mandating compensation by the Federal Government.'" *Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1307 (2008) (quoting *Mitchell*, 463 U.S. at 212). Because the Due Process Clause is not a money-mandating provision, it does not satisfy the Tucker Act's requirements for this Court's jurisdiction. *Leblanc*, 50 F.3d at 1028 (citation omitted); *Grantham v. United States*, 601 F. App'x 960, 962 (Fed. Cir. 2015); *Bader v. United States*, 160 Fed. Cl. 529, 541 (2022).

The most frequent jurisdictional pitfall for litigants in this Court is the assertion of independent tort claims. Under the Federal Tort Claims Act, tort claims against the United States are in the "exclusive jurisdiction" of federal district courts. 28 U.S.C. § 1346(b)(1). In addition to this exclusivity, the Tucker Act expressly excludes cases "sounding in tort" from this Court's jurisdiction. U.S.C. § 1491(a)(1); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction [over] claims sounding in tort."). Plainly stated, stand-alone tortious claims are dead on arrival in this Court.

As Mr. Benavides frames his allegations, Counts III, IV, V, and VI are outside this Court's jurisdiction. He alleges false imprisonment, retaliation, personal injury, "DNA contamination," contractual interference, and loss of livelihood. (Compl. at 2–3). Based on the plain language of the Tucker Act, those counts must be dismissed because they are quintessentially tort-based claims. *See University of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517, 2525 (2013) (discussing tortious underpinnings of retaliation claims); *Baker v. United States*, 642 F. App'x 989, 991 (Fed. Cir. 2016) (retaliation has "long been recognized as [a] tort claim[.]"); *Rana v. United States*, 130 Fed. Cl. 629, 635 (2016) ("Plaintiff's claims for compensation based on his loss of livelihood, defamation of character, and pain and suffering sound in tort, and therefore lie outside of the jurisdiction of this Court."); *Charnetski v. United States*, 111 Fed. Cl. 185, 190 (2013) (intentional interference with contractual relations is a tort); *Corker v. United States*, No. 23-1305, 2023 WL 5276315, at *2 (Fed. Cl. Aug. 16, 2023) (finding no jurisdiction over assault, battery, and false imprisonment because they are tortious acts).

Despite this Court's subject-matter jurisdiction over claims involving Fifth Amendment takings, contractual breaches, and intellectual property and copyright issues involving the United States, Mr. Benavides's particular allegations within Counts I, II and V are fatally flawed and do not entitle him to a legal remedy. (Compl. at 3). RCFC 12(b)(6) requires dismissal when a complaint fails to state a "claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). At the pleading stage, the plausibility standard does not impose a probability requirement; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence to support the plaintiff's allegations. *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018). Under Rule 12(b)(6) a claim must be dismissed "when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). In evaluating a motion to dismiss, the Court must consider factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed. Cir. 2001) (citations omitted).

Count I of Mr. Benavides's Complaint asserts a Fifth Amendment takings claim. (Compl. at 3). A plaintiff alleging a takings claim "must show that the United States, by some specific action, took *a private property interest* for public use without just compensation." *Arbelaez v. United States*, 94 Fed. Cl. 753, 762 (2010) (internal quotations and citations omitted) (emphasis added). Mr. Benavides claims that the United States deprived him of "liberty, bodily integrity, and mental autonomy without just compensation, in violation of the Fifth Amendment." (Compl. at 3). Mr. Benavides does not appear to appreciate the distinction between personal liberties and property rights. As pled, "bodily integrity" and "mental autonomy" simply do not fall within the definition of "private property" under the Takings Clause. *See Straw Est. of Stevens v. United States*, 710 F. App'x 881, 882 (Fed. Cir. 2017) ("We are not aware of any case that establishes a property interest in freedom from bodily harm."); *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011) (per curiam) ("Seizure of convicted prisoners and their personal property are not the kinds of takings that are prohibited by the Fifth Amendment."); *Kaetz v. United States*, 159 Fed. Cl. 378, 382 (2022) ("[U]nder the circumstances alleged by plaintiff, his physical existence, unspecified rights, and personal liberty are not private property protected by the Just Compensation Clause."); *Jones v. Phila. Police Dep't*, 57 F. App'x 939, 941 (3d Cir. 2003) (holding that the government was entitled to judgment on "the individual plaintiffs' Fifth

3

Amendment [takings] claims for personal injury"); *Stevens v. United States*, No. 09-338C, 2009 WL 3650874, at *4 (Fed. Cl. Oct. 28, 2009) (holding that "a claim relating to wrongful governmental control over a person is not a Fifth Amendment taking claim"), *aff'd*, 367 F. App'x 158 (Fed. Cir. 2010) (per curiam). Consequently, because Mr. Benavides has not alleged the deprivation of a legally protected property interest, his claims must be dismissed pursuant to RCFC 12(b)(6).

Mr. Benavides believes that his military enlistment created an implied-in-fact contract. (Compl. at 3). He alleges the United States breached this contract by failing to safeguard his bodily integrity, subjecting him to unauthorized medical procedures, and tortiously interfering with the royalties from his published works. (*Id*). This claim must be dismissed as well. The four elements of both express and implied-in-fact contracts with the federal government contract are: "(1) mutuality of intent to contract, (2) consideration, (3) lack of ambiguity in offer and acceptance, and (4) authority on the part of the government agent entering the contract." *Suess v. United States*, 535 F.3d 1348, 1359 (Fed. Cir. 2008); *Sommers*, 241 F.3d at 1378. Mr. Benavides's Complaint is desolate of facts alleging that a contract exists between him and the United States. While Mr. Benavides alleges an implied-in-fact contract via military enlistment, the relationship between a soldier and the United States is statutory, not contractual. *See Straw v. United States*, No. 17-560C, 2017 WL 6492003, at *1 n.2 (Fed. Cl. May 24, 2017) ("[M]ilitary service is not a relationship based on an employment contract but is instead a creation of statute.") (citing *Bell v. United States*, 366 U.S. 393, 401 (1961)). Further, a duty imposed by federal law not to harm service members "can only be construed as a contract implied-in-law" which is not within this Court's jurisdiction. *See Straw Est. of Stevens*, 710 F. App'x at 883. This Court cannot entertain breach of contract claims arising solely from the terms of military service or medical care incident to that service, thus Mr. Benavides's breach of contract claim must be dismissed.

Finally, the Court addresses Mr. Benavides's potential intellectual property claim. (Compl. at 2–3). He states that he has authored titles such as "e1994 Hacked Mind and PAWN OFF[,]" but that the United States "obstructed the publication, distribution, and sale of these works, including on online platforms such as Amazon.com." (*Id.* at 2). As discussed above, Mr. Benavides's allegations regarding his published works sound in tortious interference rather than a valid intellectual property claim. However, even if the Court were to construe these allegations as a formal intellectual property claim, it remains fatally deficient. This Court exercises exclusive jurisdiction over intellectual property disputes involving the federal government primarily through 28 U.S.C. § 1498. Under § 1498(a), the Court is the sole forum for patent owners seeking "reasonable and entire compensation" when the government uses or manufactures a patented invention without a license. Similarly, § 1498(b) provides the exclusive remedy for copyright infringement by the United States. Mr. Benavides offers no facts relevant to these elements within his Complaint. As the Federal Circuit has explained, a complaint's factual allegations must "go beyond being merely consistent with liability to plausibly suggest[ing] liability." *ABB Turbo Sys. AG v. Turbousa, Inc.*, 774 F.3d 979, 987 (Fed. Cir. 2014) (citing *Twombly*, 550 U.S. at 557 (internal quotations omitted)). To state a facially plausible claim under § 1498, Mr. Benavides must provide specific factual allegations demonstrating that the government used or manufactured a patented invention without license or infringed a valid copyright. 28 U.S.C. § 1498(a)–(b). He has not; therefore, he has not presented a viable claim.

For the stated reasons, Mr. Benavides's Complaint, (ECF No. 1), is **DISMISSED** for lack of subject-matter jurisdiction under RCFC 12(h)(3) and for failure to state a claim.[1] Mr. Benavides's Motion for Leave to Proceed *in forma pauperis*, (ECF No. 2), is **GRANTED** for the limited purpose of this dismissal.[2] The Clerk **SHALL** enter judgment accordingly. The Clerk is **DIRECTED TO REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions.[3]

**IT IS SO ORDERED.**



*David A. Tapp*
DAVID A. TAPP, Judge

---

[1] Rather than outright dismissal, the Court considered the transfer of claims over which it lacks jurisdiction. 28 U.S.C. § 1631 (the Court "shall . . . transfer [an] action" to an appropriate court if it "finds that there is a want of jurisdiction."). The Court determines that such a transfer would not serve the interests of justice. *See Gray v. United States*, 69 Fed. Cl. 95, 98 (2005).

[2] Mr. Benavides's application to proceed without the pre-payment of filing fees is incomplete as he did not answer Question 2(b) and did not fully answer Question 3. (ECF No. 2 at 2). Given the immediate dismissal of this matter, correction of the application is unnecessary for the sake of judicial efficiency.

[3] The Court clarifies that this provision does not act as an anti-filing injunction or a sanction. *Allen v. United States*, 88 F.4th 983, 989 (Fed. Cir. 2023) (holding that courts must provide pro se plaintiffs with notice and opportunity to be heard before issuing an anti-filing injunction). Plaintiff is not enjoined from proper post-dismissal filings in this case, nor is plaintiff required to seek leave before filing future actions in this Court. *See id.* This provision is a mechanism to reject non-compliant filings in the above-captioned action once it is dismissed.